## Moors v. Jagode.

*Bailment—Warehouse receipts—Act of September 24, 1866.*

The Act of September 24, 1866, P. L. (1867) 1363, relating to warehouse receipts is in derogation of the common law, and establishes an exception to the general course of business, which is conducted on the presumption that title to personal property accompanies possession, and to bring a case within the exception, all the requisites of the statute must be shown to exist.

Under the act of 1866, a warehouse receipt must be one issued by a bona fide warehouseman, and the mere holding himself out to the world or general repute is not sufficient if he is not such in fact.

A warehouseman within the contemplation of the statute must be another than the owner of the goods.

Where a corporation engaged in importing and dealing, receives goods from a ship by virtue of its possession of the bill of lading, and stores the goods in its own name in a portion of its own building which it uses under another name as a warehouse for its own goods and the goods of others, and receipts are issued by the assumed warehouse to the corporation and by it delivered to the true owner for the goods received under the bill of lading, such warehouse receipts will not avail against a person who received possession of the goods for a valuable consideration without knowledge of the claim of the real owner.

Argued Jan. 17, 1900. Appeal, No. 296, Jan. T., 1899, by plaintiffs, from order of C. P. No. 3, Phila. Co., Dec. T., 1897, No. 321, dismissing exceptions to report of referee in suit of J. B. Moors & Co. v. Philip Jagode & Co. Before GREEN, C. J., MITCHELL, DEAN, FELL, BROWN and MESTREZAT, JJ. Affirmed.

Trespass in trover.

Exceptions to report of Richard C. Dale, Esq., referee.

From the record it appeared that the action was to recover the sum of $6,632.01 for the value of certain wool which it was alleged that the defendant had taken and converted to his own use.

The plaintiffs in their statement of claim averred that on August 19, 1895, the plaintiffs, being the owners of 212 bales of wool, marked "J. M." Nos. 1 to 212, inclusive, delivered the same to F. W. Sutterle, of Philadelphia, who conducted a public storage warehouse at 417 to 427 North Third street, for

storage on plaintiffs' account, and received from him therefor a warehouse receipt; that the said Sutterle being so in possessien of the said wool as the warehouseman of the plaintiffs, and authorized only to hold the same on storage, in place of so doing, and in fraud of the plaintiffs' rights, delivered the same to the Keen-Sutterle · Company, which said company, in fraud also of the plaintiffs' rights, delivered the said wool to the defendant, who had converted the same to his own use.

The plea was, "Not guilty."

The facts of the case appear by the opinion of the Supreme Court.

The referee found in favor of the defendant. Exceptions to the referee's report were dismissed by the court.

*Errors assigned* were in dismissing exceptions to auditor's report.

*Joseph deF. Junkin,* for appellants.—A public warehouseman is not under legal necessity of issuing written or printed receipts for all goods stored with him. He is at perfect liberty to receive and store any goods offered, upon any terms and conditions, with or without receipts, if he and his customer so decide.

There was never a moment of time when Moors had parted with their legal title; consequently the private arrangements between the warehouseman and the company could not affect them.

The case is wholly different from Tradesmen's Nat. Bank v. Jagode, 186 Pa. 556, cited by the referee. In that case there was neither a public warehouse, nor a warehouseman, nor had the bank made any inquiry. The whole matter was legal fraud, and the bank was most negligent in its business course.

*N. Dubois Miller,* with him *H. La Barre Jayne* and *Biddle & Ward,* for appellee.—There was here merely an attempt to secure a lien upon chattels as collateral security, while leaving them in the possession of the pledgor: Wood v. Guarantee Trust & Safe Deposit Co., 128 U. S. 416.

Where one of two innocent persons must suffer in consequence of the fraud of a third, he whose employee the fraudulent agent was must suffer rather than the other: Blydenstein

v. N. Y. Security & Trust Co., 67 Fed. Rep. 469 ; De Turck v. Matz, 180 Pa. 347.

Delivery of personal property for the purpose of protecting third persons must be actual and not merely symbolical where the nature of the property will admit of taking actual, tangible possession : Clow v. Woods, 5 S. & R. 275 ; Union Trust Co. v. Trumbull, 137 Ill. 146 ; Tradesmen's Nat. Bank v. Jagode, 186 Pa. 556.

Under the law of the state of Pennsylvania requiring actual manual delivery of personal property wherever this is possible in order to change possession and to affect the rights of third persons, a warehouseman cannot issue a valid warehouse receipt upon his own goods retained in his own possession : Vogelsang v. Fisher, 128 Mo. 386 ; Conrad v. Fisher, 37 Mo. App. 352 ; Thorne v. First Nat. Bank, 37 Ohio, 254 ; Adams v. Merchants' Nat. Bank, 9 Biss. 396 ; Franklin Nat. Bank v. Whitehead, 39 Lawyers' Reps. Ann. 725.

OPINION BY MR. JUSTICE MITCHELL, March 19, 1900 :

The wool which is the subject of this suit was imported by the Keen-Sutterle Company which bought on a letter of credit from plaintiffs and in accordance with previous agreement the sellers of the wool drew a draft upon the London correspondents of the plaintiffs, and sent it with a bill of lading and invoice to plaintiffs in advance of the arrival of the wool in this country. Plaintiffs then indorsed the bill of lading and sent it to the Keen-Sutterle Company, getting in return what is called by the parties a " trust receipt," by which the Keen-Sutterle Company agreed to receive and hold the wool as agents of the plaintiffs, to store it in plaintiffs' name and deliver warehouse receipts, etc., with power, however, to sell and transmit the "identical proceeds " to plaintiffs.

This is as far as it is necessary to go into particulars, and down to this point it may be taken as conceded that plaintiffs' title was complete and invulnerable. Subsequently, however, the Keen-Sutterle Company delivered the wool to defendant, upon advances, in regular course of business and without knowledge on the defendant's part or anything to put him on notice of plaintiffs' title. Neither party being in any fault, the superiority of right must be determined by the strict legal title.

This depends, as the learned referee correctly held, on the decisive question whether the wool was in fact " stored " with a warehouseman so as to bring the title of the holder, of a receipt within the protection of the Act of September 24, 1866, P. L. (1867) 1363.   This act is in derogation of the common law, and establishes an exception to the general course of business which is conducted on the presumption that title to personal property accompanies possession.   To bring a case within the exception, therefore, all the requisites of the statute must be shown to exist.   We had occasion to consider the act in Bank v. Jagode, 186 Pa. 556, and it was there held that the receipt must be one issued by a bona fide warehouseman, and the mere holding himself out to the world or general repute is not sufficient if he is not such in fact.

In the present case the referee reviewed the evidence and found the facts with great care and clearness and appellants' elaborate and ingenious argument has not shaken his conclusion.   The Keen-Sutterle Company delivered to the plaintiffs certain receipts admitted to be in due form, purporting to be warehouse receipts by the F. W. Sutterle storage warehouse. The history of this warehouse was as follows : F. W. Sutterle who was the president of the Keen-Sutterle Company became the owner of several adjoining houses, and converted them into a warehouse with offices on one front.   Some of these offices were rented to third parties, but with these exceptions the whole premises were used as offices and storehouse of the Keen-Sutterle Company as importers and dealers in wool, skins, etc.   After four or five years of business in this way the company finding that they had room to spare, offered storage facilities to others, at first in their own name, but shortly after, in the name of the F. W. Sutterle storage warehouse, and did considerable business with outside parties in this manner.   But with respect to the storage of the Keen-Sutterle Company's goods there was no material change in the methods previously pursued.   All the warehouse employees were on the pay roll of the company, were treated as subject to its orders, and the course of dealing showed a constant intermingling of the business of the two concerns, if indeed they should not be more properly called one joint concern.   In Bank v. Jagode, 186 Pa. 556, already cited, it was held that a warehouseman

within the contemplation of the statute must be another than the owner of the goods, and in this requisite the present case entirely fails. On the facts found by the referee it is clear that whatever might be its character in regard to goods deposited for storage by third parties, so far as regards goods belonging to or deposited by the Keen-Sutterle Company, the F. W. Sutterle storage warehouse was not a warehouse at all within the act.

But there is a still further defect in plaintiffs' title. The wool was not deposited by them or in their name. When it arrived it was received by the Keen-Sutterle Company from the ship, by virtue of their possession of the bill of lading, and the referee reports that "the undisputed evidence shows, and it is found as a fact, that these goods were brought to the warehouse by the Keen-Sutterle Company, who had been intrusted by J. B. Moors & Company with the bill of lading. That when brought to the warehouse the wool was placed therein as the goods of the Keen-Sutterle Company, entered not on any books kept in the warehouse by Belsterling, the foreman, as 'stored' goods, but entered in the receiving book of the Keen-Sutterle Company kept by Belsterling, the employee of that company, to represent merchandise on hand in the store, over which the company, as owner, had full and free control, and which, in fact, was subsequently delivered from the store to the defendants without any knowledge upon the part of those in charge of the warehouse that they were charged with any duty of restraining the Keen-Sutterle Company from their accustomed freedom of action in procuring the unrestrained delivery of the goods as the convenience of the business required." This finding which is amply sustained by the evidence is conclusive of the case. The fact that the action of the Keen-Sutterle, Company was not only a breach of duty, but an actual fraud upon their principals, the plaintiffs, does not help the latter. They must recover if at all on a complete and perfected title in fact, under the requirements of the statute. This the learned referee correctly found that they had not established.

Judgment affirmed.