Lebanon Trust & Safe Deposit Bank's Assigned Estate. C. W. Carmany's Appeal.

*Trusts and trustees—Banks and banking—Mingling of trust funds with general deposits.*

Where money received by a bank as trustee is not kept distinct nor invested in any specific way, but is mingled with the general mass of money on deposit and used in the general banking business, and there is no means of tracing or ascertaining its identity in any form or species of property, the cestui que trust is not entitled to a preference over general creditors in a distribution of the assigned estate of the bank.

Argued Feb. 19, 1895. Appeal, No. 52, Jan. T., 1895, by C. W. Carmany, trustee of Eliza Palm, from order of C. P. Lebanon Co., Sept. T., 1893, No. 136, dismissing exceptions to auditor's report. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Exceptions to auditor appointed to distribute assigned estate of Lebanon Trust and Safe Deposit Bank.

Before the auditor, S. P. Light, Esq., C. W. Carmany, trustee of Eliza Palm, claimed a preference over other creditors for a fund which the Lebanon Trust and Safe Deposit Co. had received as trustee of Eliza Palm.

On this claim the auditor found as follows:

" The claim for a preference by the trustee of Eliza Palm as appears from the testimony taken and the record evidence in proof, is founded upon the fact, that the Trust bank, which under section 12 of the act of its incorporation (act of March 15, 1871, P. L. 374) was authorized to become a trustee, assignee, guardian, etc., became by appointment of the orphans' court of Lebanon county, trustee of Eliza Palm, and as such trustee received certain moneys in trust for its cestui que trust. In

the hearing before the auditor it was attempted to trace the fund received by the trustee into investments of the bank in certain notes or other securities, but the evidence does not sufficiently identify and earmark the money received by the bank as such trustee, to claim it out of a general fund in the hands of an assignee for distribution; but on the contrary shows that it was placed in the general funds of the bank and used in its business.  'When I received the money I put it in the general funds of the bank; I can't say that this particular money was used for any particular purpose, it was put with the general cash on hand.  It was deposited in the general fund of the bank and entered to the credit of the trustee on the books as a depositor,' is the language of the only witness called.  If the money of the cestui que trust had been invested in specific property or securities, although included with other moneys of the trustee, so that it could be followed into the specific property or security, and traced and earmarked by the claimant, he would undoubtedly be entitled to recover the full amount of his claim even as against other creditors, in the distribution of the estate of such trustee; nor could the right to recover his claim in full be disputed in a controversy between the bank if solvent, and the present trustee, but the bank has admitted its insolvency by an assignment for the benefit of creditors, and in a controversy where the rights of other creditors intervene, the party claiming a preference must follow the fund and earmark it, before he is entitled to a preference as against other creditors."

The auditor disallowed the claim.

Exceptions to the auditor's report were dismissed by the court in an opinion of MEILY, P. J.

*Errors assigned* were, in dismissing exceptions to auditor's report.

*B. M. Strouse, P. H. Reinhard* with him, for appellant.— An auditor's or master's finding of facts confirmed by the court below will not be reversed except upon clear error : Phillip's Ap., 68 Pa. 130; Sproull's Ap., 71 Pa. 137; Moyer's Ap., 77 Pa. 482; Hindman's Ap., 85 Pa. 466; Cake's Ap., 110 Pa. 65; Jacob's Ap., 107 Pa. 137; Milligan's Ap., 97 Pa. 525; Hindman's Ap., 85 Pa. 466; Worrall's Ap., 110 Pa. 349.

Under the testimony the law requires us to adopt the presumption that it remained in the bank's general sum of cash, and was so turned over to the assignee. The finding of the court below that this fund was used by the bank in its business, is enough to entitle us to a decree of preference: Beach on Modern Equity Jurisprudence, sec. 282; Knatchbull v. Hallett, L. R. 13 Ch. Div. 696; Bank v. Peters, 123 N. Y. 272; Continental National Bank v. Weims, 69 Texas, 489; Thompson v. Savings Bank, 8 Atlantic Reporter, 97 (Court of Chancery of New Jersey).

Should this court however not adopt the presumption for which we contend, we still claim to be entitled to a full payment out of the fund for distribution; because this trust money was mingled with the bank's other money and always remained in the general fund of the bank either in the form of cash or solvent notes, and increased the assets of the general fund by its amount: Beach on Modern Equity Jurisprudence, sec. 284; Bank v. Peters, 123 N. Y. 272; Continental Nat. Bank v. Weims, 69 Texas, 489; Bank v. Life Ins. Co., 104 U. S. 54; 1 Bispham's Equity, sec. 86; Thompson v. Savings Bank, 8 Atl. Rep. 97; Bank v. King, 57 Pa. 202; McLeod v. Evans, 66 Wis. 405; People v. City Bank of Rochester, 96 N. Y. 32; Cavin v. Gleason, 105 N. Y. 256; Stoller v. Coates, 88 Mo. 514; Harrison v. Smith, 83 Mo. 216; Peak v. Elliott, 30 Kan. 156; McLaughlin v. Fulton, 104 Pa. 161; Thompson's Ap., 22 Pa. 16; Bank v. Jones, 42 Pa. 536; Freiburg v. Stoddard, Assignee of Rockafellow, 161 Pa. 259; Assigned Est. of Jamison & Co., 163 Pa. 143.

*Grant Weidman*, for appellee, was not heard, but cited, in his printed brief, Bedell's Ap., 87 Pa. 512; Singmaster's Ap., 86 Pa. 169; Thompson's Ap., 22 Pa. 16; Columbian Bank's Est., 147 Pa. 440; Freiburg v. Stoddard, 161 Pa. 260; Peoples Bank's Ap., 93 Pa. 107.

PER CURIAM, March 11, 1895:

The auditor found, and upon sufficient testimony, that when the money which composed the fund for which preference was claimed in this case, was deposited in the bank, it was simply placed in the general funds of the bank. No investment of it

was made in any securities of the bank, nor was it in any way separated or individuated from the general funds. It was not ear marked in any way, and it is not even alleged that the original money deposited can possibly be traced or discovered. In such circumstances the obligation of the bank became simply a debt of the bank, and entitled only to the same recognition in the distribution as other unsecured debts. The case is clearly ruled by Thompson's Appeal, 22 Pa. 16; Bank v. King, 57 Pa. 202, and Peoples Bank's Appeal, 93 Pa. 107. The fund had become incapable of identification and therefore there was nothing which could be specifically appropriated to the payment or liquidation of the appellant's claim.

Judgment affirmed.