# Farrell's Assigned Estate.

*Assignment for creditors—Mingling of goods—Consigned goods.*

The proceeds of consigned goods upon proper identification may be
claimed from an assigned estate, for if an assignor has held the property
of another upon any trust, the real owner may claim his goods, or, if they
have been sold he may follow the proceeds so long as they can be directly
traced.   If, however, the consignee has sold the goods, collected the
money, and mingled it with his own, the power of reclamation is gone.
In such a case the burden of identification is on the consignors.

Where a firm of commission merchants assign a large number of book
accounts to one of their creditors, and subsequently make a general as-
signment for the benefit of creditors, and it appears that the favored cred-
itor had collected from the book accounts assigned, more than sufficient to
pay his debt, the excess should be paid to the assignee for creditors, if it
is found that the goods of the various consignors were inextricably mingled,
and it was impossible to ascertain the amounts which had been paid by
the various purchasers on account of consigned goods, prior to the assign-
ment for creditors.

Argued Dec. 11, 1900.    Appeal, No. 171, Oct. T., 1900, by
D. S. Walton & Co., from order of C. P. No. 4, Phila. Co.,
Dec. T., 1896, No. 165, dismissing exceptions to referee's report.
Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and
W. D. PORTER, JJ.    Reversed.

240, (1901).]   Statement of Facts—Opinion of the Court.

Exceptions to report of Henry D. Massey, Esq., auditor.
The facts appear by the opinion of the Superior Court.

*Error assigned* was the order of the court, dismissing exceptions to report of referee.

*Leoni Melick*, of *Melick, Potter & Dechert*, with him *Henry M. Hoyt*, for appellants.—It is not disputed that the proceeds of consigned goods on proper identification may be claimed from an assigned estate. But it is clear that the burden of proof is upon the claimant in such a case. The right of pursuing such a fund " fails when the means of ascertainment fail ; and this is the case when the subject-matter is converted into money or confounded with a mass of property of the same description : " Thompson's Appeal, 22 Pa. 16.

The rule is applied in many other cases : Farmers' & Mechanics' Nat. Bank v. King, 57 Pa. 202 : Peoples' Bank's Appeal, 93 Pa. 107 ; Freiberg v. Stoddard, 161 Pa. 259 ; Jamison's Estate, 163 Pa. 143 ; Carmany's Appeal, 166 Pa. 622 ; Assigned Estate of the Solicitors' Loan & Trust Company (Cobson's Estate), 3 Pa. Superior Ct. 244.

*Charles F. Stilz*, with him *Theodore F. Jenkins*, for appellee.

*Albert B. Weimer*, for the assignee.

OPINION BY W. D. PORTER, J., May 23, 1901 :

The Nescochague Manufacturing Company assigned certain book accounts, standing in their own names, to the Hampshire Paper Company as security for a certain debt, and subsequently made a general assignment for the benefit of creditors. The debt due the Hampshire Paper Company which the book accounts were assigned to secure, has been paid in full, and that company has collected on said accounts the sum of $2,920.68 in excess of said claim. A contest arose between the general creditors and certain consignors of goods to be sold upon commission, as to who were entitled to participate in the distribution of said surplus held by the paper company. The assignee for the benefit of creditors, in the exercise of a wise discretion, effected an arrangement which without unnecessary expenditure

protected the interests of all parties. The fund in question is now in the hands of Charles H. Bannard, Esq., who is ready and willing to pay it over to the assignee, or other party, adjudged entitled to receive it. The assignee submitted himself, in the premises, to the order of the court below and the auditor by that court appointed, and by his learned counsel in this court admits his power to control the fund if it be determined that it is to be distributed to the general creditors. The assignee is to be surcharged by the amount of the fund, if it is the property of the estate.

The fund was realized from the collection of book accounts which stood in the names of the assignors for the benefit of creditors, and there was nothing upon the face of the accounts which indicated that they were held in trust for any other persons. It is not disputed that the sales of goods out of which the accounts arose had been made by the assignors in all respects as if they had been absolute owners of the merchandise, and the charges in the books were made in that form. It is asserted that at least a part of these goods which created the accounts from which the fund was realized had been held by the assignors as consignees for sale upon commission; and that, although the assignors sold the goods in the manner stated, the consignors are entitled to the money realized from such sales. The proceeds of consigned goods on proper identification may be claimed from an assigned estate, for if an assignor has held the property of another upon any trust, the real owner may claim his goods or, if they have been sold, he may follow the proceeds so long as they can be directly traced. If, however, the consignee has sold the goods, collected the money and mingled it with his own, the power of reclamation is gone. In this case the burden of identification was on the consignors. It was incumbent upon them, respectively, to show how much of each one of the several accounts, which had been collected by the paper company, was for their goods which had been sold upon commission. They could not discharge this burden by indefinite evidence tending to establish that their goods must have been sold to some one of many independent purchasers, without designating the particular persons who had received their goods. Equally unavailing would it have been to establish that the goods sold were held upon consignment, without identifying the consignor. "The

right of pursuing a fund fails when the means of ascertainment fail:" Thompson's Appeal, 22 Pa. 16; Farmers' and Mechanics' Nat. Bank v. King, 57 Pa. 202; Peoples' Bank's Appeal, 93 Pa. 107; Freiberg v. Stoddard, 161 Pa. 259; Assigned Estate of Jamison & Co., 163 Pa. 143; Lebanon Trust and Safe Deposit Bank's Assigned Estate, 166 Pa. 622; Estate of Solicitors Loan & Trust Company, 3 Pa. Superior Ct. 244.

There was no evidence whatever which would have warranted a finding that any one of the claims collected, which went to make up this sum of $2,920.68, was owing upon a sale of the goods of any particular consignor. The learned auditor does not so distinctly find. The notes and exhibits attached to the accounts of the assignee proved that he made a very intelligent and conscientious effort to trace the consigned goods and was not able to arrive at any reliable or satisfactory result. The goods of the various consignors were inextricably mingled. An endeavor to ascertain the amounts which had been paid by the various purchasers on account of consigned goods, prior to the assignment for the benefit of creditors, "proved to be not only impracticable but also impossible." The claim of the Nixon Paper Company was properly established and is not now disputed. The other consignors having failed to trace their property into this fund are reduced to the position of general creditors. The account should be restated; the fund in dispute paid over to the assignee for the benefit of creditors, and, less a reasonable allowance to the accountant, distributed to the general creditors.

The judgment is reversed, and the record remitted with direction that the account be restated and distribution made in accordance with the foregoing opinion.