# Webb *v.* Newhall, Assignee, Appellant.

*Principal and agent—Brokers—Insolvency—Sale of customer's stock—Mingling of funds—Priority—Tracing fund — Trust relation or creditor.*

1. Where an agent mingles his own property with that of his principal, the latter may claim from the admixture an amount equal to his own, although it may not be the same identical property.

2. Where a broker sells stock of a customer, and deposits the proceeds thereof in his own bank account, and draws a check to his customer's order, and from the date of the deposit until his subsequent assignment for creditors, has at all times a balance more than sufficient to pay the check, the customer is entitled to the payment of the check—although he may have delayed presentation of it until after the assignment.

3. In such case the fund, produced by the sale of the stock, did not pass to the broker or to his general creditors.

4. It is not the fact of the trust relation that entitles the customer to priority, but of his ability to trace and identify the fund as his property. A trust creditor, merely as such, has no preference over others.

5. Had the brokers used the money for their own purposes and placed other funds in the account, or had the agent been a banking institution and mingled the funds with those of others in the general course of business, a different case would be presented.

Argued March 22, 1922. Appeal, No. 301, Jan. T., 1922, by defendant, from decree of C. P. No. 3, Phila. Co., March T., 1921, No. 4317, on bill in equity, in case of William R. Webb v. C. Stevenson Newhall, Assignee of Edward B. Mason and Charles C. Rianhard, copartners trading as Arnett & Co. Before FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ. Affirmed.

Bill to declare trust in fund of money. Before DAVIS, J.

The opinion of the Supreme Court states the facts.

Decree for plaintiff. C. Stevenson Newhall, assignee, appealed.

*Error assigned,* inter alia, was decree, quoting it.

*Jos. Neff Ewing,* of *Saul, Ewing, Remick & Saul,* with him *Allen S. Olmsted, 2d,* for appellant.—A trust creditor is not entitled to preference over general creditors of the insolvent merely on the ground of the nature of his claim: Lifter v. Earle Co., 72 Pa. Superior Ct. 173; Thompson's App., 22 Pa. 16; Cobson's Est., 3 Pa. Superior Ct. 244; Com. v. Guaranty Co., 37 Pa. Superior Ct. 179; Groff v. Trust Co., 46 Pa. Superior Ct. 423; Carmany's App., 166 Pa. 622; Com. v. Tradesmen's Trust Co., 250 Pa. 372; Freiberg v. Stoddard, 161 Pa. 259; Com. v. Bank, 216 Pa. 124; Mount Joy Bank v. Gish, 72 Pa. 13.

*Joseph T. Bunting,* of *Williams, Bunting & Williams,* for appellee.—Plaintiff reposed a trust and confidence in Arnett & Co., and as the stock sold was absolutely the property of plaintiff, the relation formed between plaintiff and Arnett & Co., was of a fiduciary character, and not that of debtor and creditor, but of principal and agent: Richardson v. Shaw, 209 U. S. 365; Thomas v. Taggart, 209 U. S. 385.

The proceeds of sale of the United Gas Improvement Company stock, which belonged absolutely to plaintiff, having been received by Arnett & Co., under their fiduciary relation with their customer, may be traced where deposited by the fiduciary with his banker, and, being thus identified, can be recovered: Farmers' & Mechanics' Natl. Bank v. King, 57 Pa. 202; Lifter v. Earle Co., 72 Pa. Superior Ct. 173.

OPINION BY MR. JUSTICE WALLING, May 8, 1922:

Arnett & Company were stock brokers in Philadelphia and, on December 4, 1920, the plaintiff, William R. Webb, ordered them to sell his one hundred and fifty shares of common stock of the United Gas Improvement Company, which they did for $4,493.25, net, and deposited the same in their general bank account in The Pennsylvania Company for Insurances on Lives & Granting Annuities. The brokers promptly sent plaintiff a statement of the transaction and their check on said company for the amount; payment of which was refused when demanded on December 13, 1920, as on that day Arnett & Company made a general assignment to the defendant, C. Stevenson Newhall, for benefit of creditors. The brokers acted in good faith and, from the date of the deposit until the assignment, had at all times in their bank account a balance more than sufficient to pay the check here in question. Plaintiff filed this bill to restrain the assignee from making distribution of the bank account to general creditors and for a decree impressing the same with a trust in his favor to the amount of the check. Defendant's demurrer having been overruled, he permitted judgment to be taken against him, pro confesso, and the chancellor found the facts as averred in the bill, and, as a legal conclusion, found plaintiff was entitled to the relief sought; and, from final decree entered accordingly, defendant brought this appeal.

On the case as presented plaintiff is entitled to the relief prayed for. The brokers received the money in question as agents for plaintiff, without authority to use it as their own, and he did not lose his title thereto by its deposit in their bank account, so long as it could be traced. In such case it is the identity of the fund, not of the pieces of coin or bank notes, that controls: Farmers' and Mechanics' Bank v. King, 57 Pa. 202. Where the agent has mingled his own property with that of the principal, the latter may reclaim from the admixture an amount equal to his own, although it may not be

the same identical property. For example, where the agent places his own coin or other money with that of the principal in a chest so the one cannot be identified or separated from the other, the principal is entitled to so much of the contents of the chest as equals his own money. And the same rule applies to money placed in a bank account. This is fully shown in the opinion by Mr. Justice STRONG in Farmers' and Mechanics' National Bank v. King, supra, which rules this case; and see Freiberg et al. v. Stoddard, Assignee, 161 Pa. 259. In the instant case the plaintiff's money was in the broker's account and swelled it to just that extent. They made no attempt to misappropriate it but on the contrary sent plaintiff a check for the amount, and, although he failed to present it in time, the title to the fund did not pass to the brokers or to their general creditors.

True, the mere giving of a check does not entitle the payee thereof to a preference over other creditors upon the fund against which it is drawn; but here the relation between plaintiff and the brokers was that of principal and agent, not of debtor and creditor, and so long as his money remained in their bank account he could reclaim it. Had they used it for their own purposes and placed other funds in the account, an entirely different case would be presented; as there would had the agent been a banking institution and mingled the funds with those of others in the general course of business: Com. ex rel. v. Tradesmen's T. Co. (No. 2), 250 Pa. 378; Miller's Appeal, 218 Pa. 50; Bank's Assigned Estate, 166 Pa. 622. It is, however, not the fact of a trust relation that entitles plaintiff to priority, but his ability to trace and identify the fund as his property: Lifter v. The Earle Co., 72 Pa. Superior Ct. 173; 34 Cyc. 348. A trust creditor, merely as such, has no preference over others: Thompson's Appeal, 22 Pa. 16.

The decree is affirmed at the costs of appellant.