## Investment of Funds by Trust Companies.

*Trusts—Trust funds—Mortgage trust funds—Assets of trust companies—Act of May 9, 1889.*

Moneys deposited by customers of a trust company for investment in mortgages upon real estate, for which the company issues "mortgage trust fund certificates," are such trust funds as must be kept separate and apart from the assets of the trust company in accordance with the provisions of clause v of the Act of May 9, 1889, P. L. 159, and its supplements.

Attorney-General's Department. Opinion to Hon. Peter G. Cameron, Commissioner of Banking.

PUSEY, Dep. Att'y-Gen., June 20, 1922.—I acknowledge receipt of your request for an opinion as to whether or not funds held by a trust company, and paid in by one of its customers for investment under a "mortgage trust fund certificate," should be kept separate and apart from the general assets of the trust company, in accordance with the provisions of clause v of the

Investment of Funds by Trust Companies.

Act of Assembly of May 9, 1889, P. L. 159, and the supplement thereto, approved June 27, 1895, P. L. 399, 402, which provides as follows: "The said companies shall keep all trust funds and investments separate and apart from the assets of the companies, and all investments made by the said companies as fiduciaries shall be so designated, as that the trust to which such investment shall belong shall be clearly known."

The form of certificate issued by the trust company as submitted by you is in substance as follows:

"THE —————— TRUST COMPANY
of ——————, Penna.

"No. ——.

"*Mortgage Trust Fund Certificate.*

"This Certifies that —————— has deposited with this Company, in trust, —————— Dollars, to be held, with other moneys received upon similar certificates, as a Mortgage Trust Fund, separate and apart from the assets of this Company and to be invested in first mortgages on real estate.

"This certificate is transferable only on the books of the Company, and is payable on ——————, or at the option of the Company, on any regular interest period upon 30 thirty days' notice to the registered owner; together with interest from date at the rate of 4 per cent. per annum, payable semi-annually on the first days of June and December, upon presentation of the attached coupons.

"The —————— Trust Company hereby guarantees the payment of this certificate, principal and interest, in full, without deduction for State taxes, as now imposed by law.

"In Witness Whereof, The —————— Trust Company of ——————, Pa., has caused this certificate to be signed by its President, and attested by its Secretary, and its corporate seal to be hereunto affixed.

The —————— Trust Company

"Attest:                              of ————, Penna.

—————————, Secretary.        ———————————, President."

I understand that this certificate is issued and delivered to the customer of the trust company who makes the deposit for investment as aforesaid, and the trust company then places among its records the following form of declaration or certificate:

"THE —————— TRUST COMPANY

"To Whom it may concern:

"The Bond and Mortgage herewith for $——, from —————————— to ——————————, dated ————, 19—, recorded in Mortgage Book ——, No. ——, page ——,

—————————————————————————————

although standing in the name of this Company ————————————————

—————————————————————————————

generally, is not the individual property of the Company, but is held by it in trust, for the following amounts, and for the Estates hereafter named, to wit:

| —————, | ——————————— | $——————, | ——————— |
| —————, | ——————————— | $——————, | ——————— |
| —————, | ——————————— | $——————, | ——————— |

The —————— Trust Company."

2 D. & C.

In my opinion, the moneys thus deposited by customers for investment are "trust funds," and should be kept separate and apart from the general assets of the trust company, and so designated that the trust to which they belong shall be clearly shown on the books and records of the trust company.

The character of the investment made by the customers is within the provision of clause v of the Act of May 9, 1889, P. L. 159, and the supplements thereto, and the funds so received and invested, or the mortgages representing such investments, should not, therefore, be carried by the trust company on its general ledger in its banking department as a general asset of the trust company.

As it was stated by the auditor, whose report was affirmed by the Supreme Court in Carmany's Appeal, in Lebanon Trust and Safe Deposit Bank's Assigned Estate, 166 Pa. 622: "If the money of the *cestui que trust* had been invested in specific property or securities, although included with other moneys of the trustee, so that it could be followed into the specific property or security, and traced and earmarked by the claimant, he would undoubtedly be entitled to recover the full amount of his claim, even as against other creditors, in the distribution of the estate of such trustee."

The Act of May 23, 1913, § 1, P. L. 354, amending the Act of May 8, 1907, P. L. 192, relating to trust companies, also provides: "All trust money and property shall be kept separate, as provided by said act, as supplemented as aforesaid, and distributed to the beneficiaries accordingly."

In Com. v. Tradesmen's Trust Co., 250 Pa. 372, Mr. Justice Frazer, referring to the Act of May 8, 1907, P. L. 192, where a fund had been deposited for a specific purpose in connection with a building operation, remarked: "Under this act, it was clearly the duty of the trust company to keep the funds of the operation separate from its general funds.

From Guy H. Davies, Harrisburg, Pa.