## Dench's Estate

*Craig & Blass* and *Franklin B. Hosbach*, for petitioners.

*George R. Mason*, contra.

WAITE, P. J., March 8, 1932.—This matter comes before the court on a petition of F. R. Simmons and Sarah Leonbacher, praying the court to make an

order requiring Lucy J. Dench, executrix of the estate of C. R. Dench, to pay to the petitioners the amount of a trust fund held by the said decedent, under an agreement between said decedent and the petitioners, dated June 2, 1931, wherein the said decedent agreed that certain moneys, amounting to $3200, were received in adjustment of a fire loss upon a building on land owned by said Sarah Leonbacher, and upon which said property said F. R. Simmons held a mortgage in the sum of $5000. Said agreement provided further that said decedent should expend the said sum of $3200 so received in restoring or repairing the said building. Said $3200 was paid by two checks, photostatic copies of which were offered in evidence, and was deposited by decedent in the Security-Peoples Trust Company on June 2, 1931, together with other funds of decedent, making the aggregate amount deposited on that day $3722.45. The decedent had on deposit in the said account at the time of the deposit $1139.92, making the total amount in the account on June 2, 1931, $4853.37.

Decedent died on June 19, 1931, and prior thereto had deposited in this account various sums of his own money and that of other clients amounting to $3172.83. There was also deposited in that account, on the day following his death, $246, making the total amount of credits in the account during the period from June 2, 1931, to June 20, 1931, $8269.20, against which amount he had drawn various checks (including one to F. R. Simmons for $218.45) aggregating $4219.51, leaving a balance in the account on June 20, 1931, of $4099.69.

The decedent, at the time of his death, was owing the said Security-Peoples Trust Company certain notes not then due, but one of which, amounting to $6000, fell due on June 29, 1931, ten days after decedent's death. On July 18, 1931, the bank applied decedent's bank balance on this note, which caused an overdraft in the account amounting, according to the testimony, to $1741.68.

The petition concludes with a prayer to the court to make an order and decree directing the executrix of the estate of C. R. Dench to pay to petitioners the sum of $3200, the alleged amount of the balance of the trust fund in the hands of the said C. R. Dench at the time of his death.

The executrix, by answer filed, admits the receipt of the said sum of $3200 by the decedent under the said agreement of June 2, 1931, and its deposit in the decedent's account in the Security-Peoples Trust Company. The answer also sets forth the mingling of this amount with other moneys of decedent and with other moneys of decedent's clients also held in trust by said decedent.

It was urged by the attorneys for the petitioners at the argument of the case that an order should be made by the court directing the Security-Peoples Trust Company to return the amount applied by it towards the payment of its note, as above set forth, after the death of C. R. Dench, and also directing the executrix of the said estate to turn over to the petitioners, out of said balance so to be refunded and returned by the bank, the sum of $3200, the amount of the trust fund established under the agreement of June 2, 1931.

This we cannot do. The Security-Peoples Trust Company is not a party to this action, and no order can be made in this proceedings that would be binding upon it. Neither, in our opinion, can we make the order prayed for upon the executrix of C. R. Dench.

It is not denied that this is a trust fund as set forth in the petition, but the fund was deposited in decedent's bank account and mingled with other moneys of the decedent and of his clients, some of these moneys probably being trust funds, either express or implied. Neither the fund claimed by petitioners nor any of the other funds, in our opinion, is sufficiently earmarked so that it would be possible to lay hands upon a single dollar and say that it was a part of any one of these funds or accounts.

This may be a hardship on the petitioners in this case, but, as was said by Mr. Justice Frazer in Com. *v.* Tradesmen's Trust Co. (No. 1), 250 Pa. 372, 375-376:

"Yet, the hardship in this case is the same which exists in all cases where a trustee has by his own wrongful act converted trust funds to his own use and mingled them with his own funds, or the funds of others. In all such cases of conversion, the rule is that, if the identity of the fund or property can be traced, it will be subjected to the rights of the cestui que trust in its new form. No mere change of its state or form can divest it of the trust so long as it can be thus identified, but, whenever the means of identification fail, as where the property or money is mixed with a general mass or fund of the same description, the right to pursue it fails."

See, also, Assigned Estate of Solicitors Loan and Trust Co., 3 Pa. Superior Ct. 244, Thompson's Appeal, 22 Pa. 16, and Freiberg et al. *v.* Stoddard, Assignee, etc., 161 Pa. 259.

Now, to wit, March 8, 1932, the rule to show cause heretofore granted is dismissed.

From Otto Herbst, Erie, Pa.