## Royersford Trust Company Case.

Argued January 21, 1935. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*W. J. Moran, Jr.,* of *Kratz, Hillegas & Moran,* and *B. R. Stewart,* for appellants.

*Joseph Knox Fornance,* with him *Aaron S. Swartz, Shippen Lewis,* Special Deputy Attorney General, and *William A. Schnader,* Attorney General, for appellee.

OPINION BY MR. JUSTICE SIMPSON, March 25, 1935:

On the audit of the account of the secretary of banking as receiver of The Royersford Trust Company, these four appellants each claimed a preferential payment out of the fund for distribution. There was no dispute as to the amounts of the claims, but only as to the right of the several parties to have such preferences. The court below refused to allow the preferences, whereupon each of the parties took one of these appeals. The basis of each decision below was that "Before priority in payment may be decreed, there must be [and in these cases there was not] a tracing of the trust res to, and a showing that it is contained in some particular property, security, fund or account" which forms part of the assets for distribution. This conclusion is correct.

In Freiberg v. Stoddard, 161 Pa. 259, where the opinion of the court of first instance was written by Judge Rice, afterwards the learned President Judge of the Superior Court, it is held that a trust creditor is not entitled to a preference over general creditors of an insolvent merely on the ground of the nature of his claim, saying (page 264) "if we hold to the rule that, to entitle one claiming to be a trust creditor to preference, he must trace the trust money into some specific property, or into some particular fund or account of the assignor with which the latter has mingled it, we think the plaintiffs have failed, because they have not shown that the assignor received any money as the proceeds of the drafts which he added to and mingled with the general mass of deposits in bank, or that any part of the money in bank was ever set apart, or in any manner appropriated to the payment of the drafts." That opinion was approved by this court in that case; and in Cameron v. Carnegie Trust Co., 292 Pa. 114, 121, it was still recognized as the law.

In Lebanon Trust & Safe Deposit Bank's Assigned Est., 166 Pa. 622, it is decided that where money received by a bank as trustee is not kept distinct nor invested in any specific way, but is mingled with the general mass of money on deposit and used in the general banking business, and there is no means of tracing or ascertaining its identity in any form or species of property, the cestui que trust is not entitled to a preference over general creditors on a distribution of the assigned estate of the bank. This is recognized also in Pittsburgh's App., 316 Pa. 125, where we held that trust relationship alone does not give priority since it depends on identification of the property; and in Lifter v. Earle Co., 72 Pa. Superior Ct. 173, 176, and in Mehler's App., 310 Pa. 25.

In Cameron v. Carnegie Trust Co., supra, the Ottumwa National Bank, sent to the trust company, at a time when it was insolvent and shortly before it was taken over by the secretary of banking, a note for collection and

remittance. The trust company collected the note, but instead of remitting the proceeds sent its draft therefor to the Ottumwa Bank, which was not paid on presentation because the secretary of banking had closed the trust company and taken possession of its assets. The amount of the note was meanwhile deposited in a particular account, and there remained, separate from the trust company's general assets, until the time of distribution of the estate of the trust company. We held that the Ottumwa Bank was entitled to a preference because the fund could be and was traced into the particular account, where it at all times was.

In Mehler's App., 310 Pa. 25, certain stock of the Mehlers had been wrongfully sold by the treasurer of the Dollar Title and Trust Company, and the proceeds deposited in the Mellon National Bank until the time of distribution. A preference was allowed to the extent of the "lowest balance" to the credit of the trust company in the Mellon Bank after the proceeds of the stock had been deposited therein.

This being the law at the time under consideration here,—though probably altered by section 1011, paragraph third of the Act of May 15, 1933, P. L. 565, 614, subsequently enacted—it is only necessary to state the facts regarding the separate appeals.

### (1st) APPEAL OF FARMER'S NATIONAL BANK AND TRUST COMPANY, SUBSTITUTED GUARDIAN OF THE ESTATE OF DORIS BUCKWALTER, A MINOR.

The Royersford Trust Company, this insolvent, was formerly the guardian of the estate of the minor. As such, it held a mortgage of $6,000 on the property of Ralph Jones, on which a balance of $4,800 was due. On May 1, 1932, it transferred that mortgage to itself, allotting to the estate a $1,700 participating interest therein, and a $3,100 participating interest in a mortgage of one H. E. Anderson. The next day Jones paid to the

Royersford Trust Company the amount of his mortgage by a check on his bank account in the company itself. These two matters were evidently but parts of a single transaction. As the court below well said "The whole transaction was irregular and improper, a bold and brazen violation by the trust company of its duty as a fiduciary." It also accurately said, however: "We have repeatedly held . . . that the establishment of a trust relationship will not alone support a preference. Before priority in payment may be decreed, there must be a tracing of the trust res to, and a showing that it is contained in, some particular property, security, fund or account, separate and distinct from the general assets of the bank . . . [whereas here] this was but a bookkeeping transaction, and no currency was involved."

### (2d) APPEAL OF ANNIE E. KULP.

This appellant gave to the Royersford Trust Company $1,500 to invest for her. This it did in a mortgage of that amount given by J. Hilbert. Later he paid off the mortgage by a check on a Pottstown Bank, and the trust company invested the proceeds in a participating interest in the mortgage of H. E. Anderson, already referred to. No further tracing of the fund was attempted, and so far as appears, neither the Anderson mortgage nor its proceeds appears in the account. Hence there is nothing out of which this claimant can properly claim a preference.

### (3d) APPEAL OF EMERY R. CRAYTON.

The trust company received $2,100 in cash to invest as trustee for this appellant. It was invested in a mortgage of one George E. Scherr, which was later paid off and the money received by the trust company, which thereupon invested it in a participating interest in the same H. E. Anderson mortgage. So far as we know there it still remains; it was not traced further, and no part thereof is shown to be in the present account. Hence there is noth-

ing now being distributed out of which a preference can properly be claimed.

### (4th)  APPEAL OF PARKERFORD CIVIC CLUB.

The trust company invested $8,250 for this appellant in a participating interest in a mortgage of the Keystone Drawn Steel Company.  When the mortgage was paid off, the $8,250 was invested in a participating interest in the same H. E. Anderson mortgage.  So far as appears, nothing further was done with relation to that sum of money, nor does that mortgage or its proceeds appear in the present account.  Hence there is nothing now being distributed out of which a preference can properly be claimed.

The order of the court below, so far as concerns the preferences claimed by these four appellants, is affirmed, and each appeal is dismissed at the cost of the appellant therein.