263 F.2d 823
 Inez B. MINTZER, Lynwood F. Mintzer, Jr., Miriam P. Myers,
Paul Becotte, Nora Becotte, Margaret Harvey,
Joseph Harvey, Moe Wiesenthal, Kathryn Wiesenthal
v.
ARTHUR L. WRIGHT & CO., Inc., a Corporation, Appellant.
 No. 12684.
 United States Court of Appeals Third Circuit.
 Argued Oct. 24, 1958.
Decided Feb. 17, 1959.
 
 Edwin S. Heins, Philadelphia, Pa. (Raspin, Espenshade, Heins, Erskine & Stewart, Philadelphia, Pa., on the brief), for appellant.
 Herbert A. Fogel, Philadelphia, Pa. (David F. Maxwell, Obermayer, Rebmann, Maxwell & Hippel, Philadelphia, Pa., Albert Ash, Robert K. Bell, Ocean City, N.J., on the brief), for appellees.
 Before GOODRICH, McLAUGHLIN and KALODNER, Circuit Judges.
 McLAUGHLIN, Circuit Judge.
 
 
 1
 Arthur L. Wright & Company, is a securities brokerage house with its principal place of business at Philadelphia, Pennsylvania. The various plaintiffs were customers of defendant's sales representative, Robert A. Kershaw, in Ocean City, New Jersey. Kershaw seems to have grossly abused the trust placed in him by defendant's president (who was also its principal stockholder) through his improper dealing with funds and securities placed in his custody for business purposes by various customers. These people now look to defendant under familiar agency principles to make good their losses resulting from Kershaw's improprieties.
 
 
 2
 This suit an equity sought the appointment of a receiver pendente lite for the purpose of preserving defendant's assets ancillary to one action actually begun and other actions projected by the plaintiffs. After a hearing, the district court ordered the appointment of a receiver. That order is here on appeal,[1] it being asserted first that traditional grounds for appointment of a receiver do not exist, and second, that even if they did the power of the federal court was improperly exercised.
 
 
 3
 The suit is in federal court by diversity of citizenship. The only action already instituted by one of these plaintiffs against defendant-- that by Miriam P. Myers-- asserts a claim for about $30,000. Thus this suit has that ancillary quality required of suits for appointment of receivers. See, e.g., Orth v. Transit Investment Corporation, 3 Cir., 1942, 132 F.2d 938. And the jurisdictional amount is in controversy. 28 U.S.C. 1332. See Lion Bonding & Surety Company v. Karatz, 1923, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871.
 
 
 4
 The appointment of a receiver is an equitable remedy of rather drastic nature available at the discretion of the court having jurisdiction of the subject matter and the parties. We have already seen that there is jurisdiction over the subject matter; jurisdiction over the parties is, of course, obtained by valid service of process upon them. Courts exercise their discretion for the appointment of receivers when the existence of grounds and conditions prerequisite for such relief are shown. Because the remedy interferes with the defendant's property rights these grounds, in the absence of statute, require the existence of some legally recognized right held by the creditor in the debtor's property amounting to more than a mere claim against the debtor.[2] Here the plaintiffs assert such right to be in the nature of a trust. If this assertion is not supportable, the appointment of the receiver was an abuse of discretion since it unquestionably interfered with defendant's right otherwise completely to control its own property; before being divested of that incident of ownership defendant in the circumstances before us would otherwise be entitled to adjudication by a full trial of the dispute between it and plaintiffs. And the Seventh Amendment assures that such adjudication may be by jury trial if the issue one which was triable at law. Cf. Scott v. Neely, 1891, 140 U.S. 106, 11 S.Ct. 712, 35 L.Ed. 358; Rule 38, F.R.Civ.P., 28 U.S.C.A.
 
 
 5
 But the Seventh Amendment assures only that the claim asserted by the simple or unsecured creditor shall remain subject to trial by jury in the federal courts. The appointment of a receiver was never subject to jury trial, it being an equitable remedy within the discretion of the chancellor to grant upon a showing that the harm accruing to plaintiff by denial clearly overbalanced the harm to defendant upon granting the appointment. Generally it is the form of relief prayed which determines whether a claim sounds at law or in equity, So it seems there can be no valid constitutional objection to the appointment of a receiver at the behest of an unsecured creditor. The constitutional objection would arise only if the creditor's claim to which the seeking of the receiver was ancillary were denied trial before a jury as it was in Scott v. Neely, supra.
 
 
 6
 Upon this analysis the troublesome case of Pusey & Jones Co. v. Hanssen, 1923, 261 U.S. 491, 43 S.Ct. 454, 67 L.Ed. 763 would be read on the one hand simply as a failure by plaintiff to establish a strong enough equity on his side to warrant infringement of the defendant's property rights and incidents of ownership. On the other hand the discussion in that case concerned with equitable remedial rights would explain only why the court did not consider itself bound to supply the same remedy furnished by the courts of the state in which the federal district court sat. It is this part of the opinion which we think can correctly be said to have been vitiated by the implications of Erie R. Co. v. Tompkins, 1938, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, and Guaranty Trust Co. of N.Y. v. York, 1945, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079. These cases indicate a shift in or an enlargement of the criteria for what is to be deemed of substantive effect. See 7 Moore's Federal Practice, P66.05(1). Today under those cases it is likely that the Delaware statute involved in the Pusey & Jones case would be regarded as supplying a substantive right which the federal courts in a diversity action would recognize. See Houseware Sales Corporation v. Quaker Stretcher Co., D.C.E.D.Wis. 1947, 70 F.Supp. 747; 2 Moore's Federal Practice, P2.09; Note, 67 Harv.L.R. 836 (1954). The concept of equitable remedial rights thus can be thought of as merged into or absorbed by what is currently regarded as the area of substantive rights. We see no bar to the appointment of a receiver if the law of Pennsylvania would grant the appointment.
 
 
 7
 We turn then in this diversity suit to an examination of the law of Pennsylvania in order to ascertain whether the qualified plaintiff was entitled to appointment of a receiver for defendant's assets. Since, as we have noted, the requisite legal interest in the defendant's property is asserted to rest on the existence of a trust relationship between the plaintiff and defendant, we look next at that question.
 
 
 8
 Professor Scott points out[3] that in the absence of circumstances indicating the broker was to use money as his own, such as where the customer maintains a running account with the broker or is to receive interest from the broker, the broker is a trustee and not a debtor. The case of Webb v. Newhall, 1922, 274 Pa. 135, 117 A. 793, 26 A.L.R. 1, abstracted by Professor Scott, supra, indicates that the law of Pennsylvania is probably in accord with what is here stated; there, the customer of an insolvent broker was preferred over other creditors upon being able to trace the proceeds of a stock sale made for him into the broker's account. But niether that opinion nor Professor Scott's statement can be read so broadly as to give to the beneficiary of a trust between broker and client any right in the defaulting trustee's own property prior to entry of a judgment on the beneficiary's claim. See 4 Scott, Trusts, 521.6 (Rev. ed. 1956). Where the broker trustee retains none of the property subject to the trust the beneficiary is remitted to rights in damages against the trustee for his breach. In the instant case it is undenied that the defendant itself holds no property of plaintiffs'; further, there is no evidence as to the character of the relationship between Kershaw and the plaintiff, Myers, from which it could be inferred that a trust had been established.
 
 
 9
 Although the Pennsylvania decisions are few[4] the common law rule is clear that where there is no fraud or imminent danger of the property being lost, injured, diminished in value, or squandered and where legal remedies do not appear to be inadequate the appointment of a receiver should not be granted. 45 Am.Jur. 26, 30. Here the evidence demonstrated that had the officers of defendant exercised adequate supervision and been less willing to assume that Kershaw was a man of integrity they could have prevented or discovered Kershaw's peculations. But the evidence does not show that defendant's business was operated fraudulently or that its own assets were mishandled so as to present the possibility of their dissipation should defendant be permitted to continue management of its own affairs.
 
 
 10
 Nor is the threat of insolvency posed by the aggregate of the claims against defendant reason for appointment of a receiver. A receivership will not increase the assets of defendant available to satisfy whatever judgments the plaintiffs may ultimately recover. A receiver will not be appointed where it will do no good.
 
 
 11
 A most difficult and profoundly sympathetic situation was presented to the district court and the latter, of course, acted in the utmost good faith to conserve appellant's assets. Good faith is also apparent in appellees' action though close, hard examination of the basic facts reveals that they are finally insufficient to support the appointment of a receiver.
 
 
 12
 The order of the district court will therefore be vacated without costs to either party as against the other
 
 
 13
 GOODRICH, Circuit Judge (concurring).
 
 
 14
 I have no dispute with the conclusion that there must be a reversal because this is not a proper case for the appointment of a receiver. In so doing it seems to me worth making one point which has been made by this Court in several cases. The point is that we do not feel bound by state law in determining whether an equitable remedy is to be given or whether a plaintiff is relegated to his remedies at law. We have said this several times and are not departing from it now.
 
 
 15
 The cases are: Black & Yates, Inc. v. Mahogany Ass'n, Inc., 3 Cir., 1942, 129 F.2d 227, 232-233, 148 A.L.R. 841; Hertz v. Record Publishing Co., 3 Cir., 1955, 219 F.2d 397, 398, note 2; Anheuser-Busch, Inc. v. Du Bois Brewing Co., 3 Cir., 1949, 175 F.2d 370, 373; Campbell Soup Co. v. Wentz, 3 Cir., 1948, 172 F.2d 80, 81-82; First Camden Nat. Bank & Trust Co. v. Aetna Casualty & Surety Co., 3 Cir., 1942, 132 F.2d 114, 118.
 
 
 16
 Judge KALODNER agrees with this concurring opinion.
 
 
 
 [1]
 28 U.S.C. 1292:
 'The courts of appeals shall have jurisdiction of appeals from * * * (2) Interlocutory orders appointing receivers * * *'
 
 
 [2]
 See Shapiro v. Wilgus, 1932, 287 U.S. 348, 355, 53 S.Ct. 142, 77 L.Ed. 355; McDougall v. Huntingdon & Broad Top Mountain R. & Coal Co., 1928, 294 Pa. 108, 117, 143 A. 574
 
 
 [3]
 Scott, Trusts, 12.10 (Rev.ed.1956)
 
 
 [4]
 See McDougall v. Huntingdon & Broad Top Mountain R. & Coal Co., 1928, 294 Pa. 108, 143 A. 574 for a lengthy general discussion as to when a receiver will be appointed by Pennsylvania courts