## Peoples' Savings Bank *versus* Cupps and Wife.

1. Depositors in a savings bank have a right to rely on the published by-laws, as to the mode in which the money can be withdrawn.

2. The by-laws of a savings bank provided that in order to draw out money the pass-book must be presented at the bank, and that absent depositors could withdraw their deposits on their order or check properly witnessed. *Held*, that the bank was liable to a depositor for money paid on forged checks, to one who had possession of the pass-book of the depositor, which checks were not witnessed as required by the by-laws. *Held further*, that whether the depositor was guilty of contributory negligence, in parting with the custody of the book, was of no consequence, as it was a case of mis-payment in violation of the published regulations of the bank.

October 14th 1879. Before SHARSWOOD, C. J., MERCUR, GORDON, PAXSON, TRUNKEY and STERRETT, JJ. GREEN, J., absent.

Error to the Court of Common Pleas, No. 1, of *Allegheny county:* Of October and November Term 1879, No. 276.

Case by Jacob Cupps and E. W. Cupps, his wife, in right of said wife, against the Peoples' Savings Bank, to recover the amount of a deposit in said bank in the name of the wife.

It appeared that Mrs. E. W. Cupps, who was an old lady, resided

with her husband about fifteen miles from Pittsburgh.   On the 28th of October 1876 she gave to her daughter, Mrs. Magill, who lived in Pittsburgh, the sum of $800, to be deposited in some savings bank.   On the same day Mrs. Magill called at the defendant bank, and without disclosing her own name, deposited said amount in the name of "E. W. Cupps, No. 48 Fourteenth street." She signed the name and address in the signature book, and left the impression on the officer of the bank that it was her own signature and residence.   She received a deposit book, in which was the entry: "Peoples' Savings Bank in account with E. W. Cupps;" in which the $800 were placed to the credit of E. W. Cupps.

On the first page of this book was the following caution: "Take care of this book.   If you lose or mislay it, give immediate notice at the office; for if it get into improper hands, you may be defrauded."

And printed thereafter in the same book were the following by-laws:

1. Every person desirous of becoming a depositor (not a stockholder), shall, at the time of making his or her first deposit, sign a book containing the following by-laws, and shall thereby be considered as signifying his or her assent thereto, and a willingness to be bound thereby; and shall, in connection with the signature, state his or her business, occupation or calling, and place of residence; and every such depositor will receive a book containing these rules and regulations, in which their names will be inscribed, and the amount of their deposits inserted.

3. Deposits may be made by one person as trustee, for the benefit of another, or of any unincorporated society or association, at the discretion of the treasurer.   In all such cases the deposit shall be made in the name of the trustee, "in trust for" such person, society or association, and the trustee, or his successor, shall alone be entitled to receive payments, and his receipt, with the production of the book, shall be a sufficient discharge.   Provided, however, that in case of deposits for the benefit of another person, the corporation may, at their discretion, by a vote of the board, make payment to such person, on production of the book, which payment shall also be a sufficient discharge.

5. Deposits made in this bank can only be withdrawn on notice being given to the treasurer, as follows:

If the sum proposed to be drawn be—

| More than $ 50 and not exceeding | 200, | 2 weeks' notice. |
|---|---|---|
| "      200      " | 300, 3 | " |
| "      300      " | 400, 4 | " |
| "      400      " | 500, 5 | " |
| "      500      " | 600, 6 | " |
| "      600      " | 700, 7 | " |
| "      700      " | 800, 8 | "   * * * |

But if the amount be $50, or under, no notice will be required. * * * When money is to be drawn out, the book must be brought to the office to have the payment entered therein, and in all cases in which the whole amount is drawn the book must be given up to the corporation. Absent depositors may withdraw their deposits on their order properly witnessed—blanks for which purpose will be furnished at the office of the bank.

6. In case a book be lost, or destroyed, or obtained from a depositor fraudulently, immediate notice thereof must be given at the office, and after two weeks from the time of such notice, with satisfactory evidence of the loss, and indemnity given (if required by the trustees), another book will be furnished. If any person shall present a book, and falsely allege himself or herself to be the depositor, named therein, and thereby obtain the amount deposited, or any part thereof, this institution will not be liable to make good any loss the actual depositor may sustain thereby, unless previous notice of his or her book having been lost or taken shall have been given at the office of the corporation.

Shortly after Mrs. Cupps authorized her daughter to make the deposit, the old lady came to Pittsburgh and Mrs. Magill gave her the deposit book. It appeared that Mrs. Cupps handed it to her son William, but for what purpose was not clearly shown. Mrs. Cupps testified, she gave it to him simply to take care of and bring up to her on the following Saturday; while William and Mrs. Magill testified she gave it to him for the purpose of withdrawing the deposit and placing it where it would draw more interest.

On the 4th of November 1876, William Cupps presented at the office of the bank the book with a check signed E. W. Cupps, for $50, and received the money, which was entered on the book; and on November 10th 1876, again presented the book with a check signed E. W. Cupps, for $100, and received that amount, which was entered on the book. On November 23d 1876, he presented the book with a check signed E. W. Cupps, for $650, payable to the order of John McIntyre, who came to the bank with William. This check the bank paid by passing it to the credit of John McIntyre, who then opened a deposit account. The payment of this check was entered upon the book of E. W. Cupps, and the account closed, and the book surrendered to the bank. All these checks were forgeries.

It appeared that the checks were not witnessed, as required by a by-law; that the teller had not compared the signatures with that in the signature book, and that the notice required by the by-laws had not been given.

The following were among the points submitted by the defendant, to which are appended the answers of the court, Collier, J.

1st. If the jury believe from all the evidence in the cause that Mrs. E. W. Cupps, the beneficial plaintiff, gave to her son William

[Peoples' Savings Bank *v.* Cupps.]

the pass-book in evidence, on the 4th of November, or the day before, allowing him to retain possession of the same, without notice to the bank, until the whole deposit was withdrawn by him, and that he produced the book at the bank accompanied by checks purporting to be signed by E. W. Cupps, and on the strength of said book and checks, obtained the whole deposit, the plaintiff cannot recover, although the jury believe that said checks were not genuine.

Ans. "Affirmed, if the jury believe Mrs. Cupps gave William authority to draw the money."

5th. If the jury should believe there was negligence on the part of the bank in paying out said money in manner aforesaid, and that E. W. Cupps, by giving said book to her son and allowing it to remain in his possession until the whole deposit was paid, she was guilty of contributory negligence, and the plaintiff cannot recover.

Ans. "Refused."

6th. The entry on the signature book of the name of E. W. Cupps, at the time the deposit was made, showing that her residence was in the city of Pittsburgh, No. 48 Fourteenth street, which book contained the by-laws, and thereby signifying her assent thereto, authorized the bank to pay the money to any person producing the book, without an order or check from the depositor, and such payment would be good in the absence of notice that the book had been lost, destroyed, or obtained from the depositor fraudulently, or placed in the possession of another for safe keeping or otherwise, and the plaintiff cannot recover.

Ans. "Refused."

Verdict for plaintiffs. Defendant took this writ and alleged that the court erred in the answers to the above points.

*M. W. Acheson, Geo. P. Hamilton* and *E. P. Jones,* for plaintiff in error.—If the bank exercised reasonable care and acted in good faith it is not responsible: Levy *v.* Franklin Savings Bank, 117 Mass. 448; Goldrick *v.* Bristol County Savings Bank, 123 Mass. 320. Mrs. Cupps was guilty of contributory negligence and cannot recover: Railroad Co. *v.* Norton, 12 Harris 469.

*T. Walter Day* and *J. W. Hall,* for defendants in error.—It is manifest the bank did not comply with its own by-laws, and it cannot visit the result of its gross negligence upon the depositor.

The judgment of the Supreme Court was entered October 27th 1879,

PER CURIAM.—The depositors in a savings bank have a right to rely on the published by-laws as to the mode in which the money can be withdrawn. It cannot be pretended that in this case Mrs. Cupps's money was paid out in conformity to any one of

these by-laws. It was paid out on forged orders, and these orders were "not properly witnessed," as the by-laws required the orders of absent depositors to be. It was not a question of negligence, and contributory negligence in the depositor was of no consequence. It was a case of mis-payment, contrary to the published rules, and the defendants below have no right to complain of the ruling of the learned judge below.

Judgment affirmed.