# Commonwealth, ex rel., *v.* Tradesmen's Trust Company (No. 3).

*Trusts—Trust funds—Mingling with other funds—Right to follow—Claim as general creditor.*

Where money deposited in trust for a certain purpose with a trust company and not subject to check was mingled with its general funds, the fund so deposited having thus lost its identity could not be followed after the insolvency of the company, and the owner could claim only as a general creditor and not as a depositor.

Argued May 5, 1915. Appeal, No. 6, May T., 1915, by the Hill School, from decree of C. P. Dauphin Co., Commonwealth Docket, 1911, No. 219, dismissing exceptions to report of auditors, in case of Commonwealth, ex rel. John C. Bell, Attorney General, v. Tradesmen's Trust Company. Before BROWN, C. J., MESTREZAT, ELKIN, STEWART and FRAZER, JJ. Affirmed.

Petition by the Commonwealth at the relation of the attorney general to declare a trust company insolvent and for the appointment of a receiver.

Exceptions to report of Henry S. Borneman, Esq., and Eugene Snyder, Esq., auditors. Before McCARRELL, J.

The facts appear in Commonwealth, ex rel., v. Tradesmen's Trust Company (No. 2), above, and in the opinion of the Supreme Court.

The court dismissed the exceptions. The Hill School appealed.

*Errors assigned* were in dismissing the exceptions.

*Alfred M. Mohr,* with him *William S. Clawson,* for appellant.

*Paxson Deeter,* with him *Samuel M. Clement, Jr.,* for appellee.

OPINION BY MR. JUSTICE FRAZER, July 3, 1915:

This case arises out of the settlement of the insolvent estate of the Tradesmen's Trust Company, and the facts are set forth in the appeal by Edmonds and Cronin in an opinion filed herewith. This appeal is by the Hill School from the refusal of the auditors to allow, as a preferred depositor's claim, the sum of $5,000, which, appellant avers, was on deposit with the trust company as trustee. On May 2, 1910, the Hill School executed a mortgage to the trust company to secure a bond issue. On April 29, 1911, it deposited with the company the sum of $5,000 to repurchase certain of the bonds in accordance with the terms of the mortgage. The circumstances and conditions incident to this deposit were stated in a letter dated August 22, 1911, written by the treasurer of the trust company to appellant as follows:

"We have your letter of the 21st addressed to Mr. Peter Boyd, president, and beg to say that we have not invested the five thousand dollars in any of the bonds for the following reasons: We were under the impression that you had stated to Mr. Boyd that it would not be necessary to pay a premium on the bonds, as you could always obtain bonds at par.

"If you desire us to invest the money in the bonds in your company, under the provisions in the mortgage, it would be necessary for you to deposit with us an additional premium of five per cent. on the five thousand dollars, together with six months' interest on the said amount, as we can only draw for redemption on the basis of five per cent. premium and interest.

"Kindly let us hear from you and we will take the matter up immediately. As above stated, we were under the impression that you were to deliver these bonds at par without the necessity of our paying a premium at five per cent. The deposit of five thousand dollars was made with us on May 1st last; the bonds could not therefore have been redeemed on May 1st, because notice has to be advertised sixty days preceding the time of

redemption. The next interest period would be November 1st. If you will advise us what your wishes are in the matter, we will immediately draw by lot and advertise. We may not be able to get the advertisements in in time, but I doubt whether any one would take advantage of that matter. The interest at the rate of three per cent. per annum has been running on the deposit since you placed it in our hands. The mortgage provides that advertisement should be made in two newspapers in New York. If you have preference as to any of the newspapers and desire us to advertise, kindly state your preference and we will then advertise."

The auditors found as a fact that the sum of $5,000 went into and became a part of the general fund of the company and was carried on its ledger and in the settlement account as "The Hill School Sinking Fund Second Mortgage Bond $5,000." This account was in the nature of a suspense account, the company holding it pending the disposition of the funds, and still remained in the hands of the trust company at the time it became insolvent. The auditors found it to be a trust fund, but by reason of its having been commingled with the general funds of the company, it could not be followed, and, further, that the claimant was not a depositor and therefore not entitled to preference as such, under the Act of May 8, 1907, P. L. 192, 5 Purd. 6110, but stood in the position of a general creditor. While it is true the letter from the treasurer of the trust company refers to the amount in question as a deposit, its status must be determined from all the facts and circumstances connected with its receipt, regardless of the particular designation of it by either of the parties. The trust company was compensated for its duties in receiving and disposing of the funds forwarded to it for the purpose of repurchasing bonds. The money so received was not carried on the books of the company but was placed in a suspense account, and merely held, pending its final disposition in accordance with the terms of the mort-

gage.  It was not to be subject to check but was to be used by the company for a particular purpose.  It thus lacked one of the necessary incidents of a deposit, which is, that the money is to be subject to the order of the depositor, at his pleasure, by check or draft: Parkesburg Bank's App., 6 W. N. C. 394; Anheuser-Busch Brewing Association v. Clayton, 56 Fed. Repr. 759; State of Iowa, ex rel., Carroll v. Corning State Savings Bank, 136 Iowa 79.  No such intent appeared in the present case, the position of the bank being merely that of agent for the purpose of purchasing the bonds with the funds placed in its hands.  The auditors were right in holding that appellant was entitled to claim as a creditor only and not as a depositor.

The appeal is dismissed.