## Fisher *v.* North Penn Bank.   Cramp's Appeal.

*Banks and banking—Deposits—Special funds—Trust funds—Mingling with other funds—Right to follow—Claim as general creditor.*

A depositor in the savings fund department of a bank, who directs the bank to withdraw $5,000 from his savings account and buy Victory Liberty Loan bonds for him is, as to that amount, no longer a depositor of the bank after his directions were acted upon and the withdrawal of $5,000 noted in his pass book.

Where a bank buying large numbers of Liberty Bonds for its customers mingled all their payments in one general account, and purchased the bonds with the general fund, not for the special account of any particular individual, the purchaser of bonds is not entitled to impress the general funds with a trust in his favor. Such individual purchaser is a general creditor, postponed in the collection of his claim until the depositors are first satisfied.

Argued October 10, 1921.   Appeal, No. 78, Oct. T., 1921, by Joseph C. Cramp, from judgment of C. P. No. 3, Phila. Co., June T., 1919, No. 4128, dismissing exceptions to the account of the Commissioner of Banking, in the case of John S. Fisher, Commissioner of Banking, v. North Penn Bank.   Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER and LINN, JJ.   Affirmed.

Exceptions to account of the Commissioner of Banking.   Before DAVIS, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions.   Joseph C. Cramp appealed.

*Errors assigned* were dismissing exceptions, disallowing appellant's claim, and confirming the account.

*Elton J. Buckley,* and with him *Fred'k J. Geiger,* for appellant.—Since withdrawal of the fund was directed

for a particular purpose, and there is no proof of any compliance with those directions, the law should treat it as never having been made, and appellant should receive credit as a depositor for the entire amount: Peoples Saving Bank v. Cupps, 91 Pa. 315; Parker v. Hartley, 91 Pa. 465; 5 Am. & Eng. Ency, 1066; 3 R. C. L., sec. 177.

*Fred Taylor Pusey,* Deputy Attorney General, and with him, *George E. Alter,* Attorney General, and *Robert S. Gawthrop,* Deputy Attorney General, for appellee. The appellant is a general creditor of the bank and not a depositor, as to the $5,000 withdrawn by him: Com. v. Tradesmen's Trust Co. (No. 1), 250 Pa. 372; (No. 2), 250 Pa. 378; (No. 3), 250 Pa. 383.

OPINION BY KELLER, J., November 21, 1921:

In the distribution of the funds of the North Penn Bank, in process of liquidation by the commissioner of Banking as an insolvent under the Act of May 21, 1919, P. L. 209, the court below correctly held that purchasers of liberty bonds on the installment plan who had made payments to the bank on account of such bonds, which moneys had been mingled with the general funds of the bank and could not be separated or identified from such funds, (1) were not entitled to impress such general funds with a trust in their favor and claim a preference over depositors on distribution: Freiberg v. Stoddard, 161 Pa. 259; Com. v. Tradesmen's Trust Co., 250 Pa. 372; and (2) were not depositors, entitled under the law to preference over general creditors: Com. v. Tradesmen's Trust Co. (No. 3), 250 Pa. 383.

The appellant attempts to distinguish his claim from those thus disallowed by reason of the fact that he was unquestionably on April 23, 1919, a depositor of the bank (in the savings fund department) in the amount of $5,177.29 and that his order to the bank on that date to withdraw $5,000 of said account for the purchase of

bonds of the Victory Loan, (Fifth Liberty Loan), was not complied with.

The evidence shows that on April 23, 1919, appellant directed the cashier of the bank to withdraw $5,000 from his saving fund account and buy Victory Liberty Loan bonds of a like amount, and took from the cashier a receipt in the following form:

"No. 0009　　　　　　　　　　　　　　　　$5000.00
"Full Paid
"Victory Liberty Loan of 1919
"Fifth Issue
"This is to certify that North Penn Bank of Philadelphia, Pa., has received from Joseph Crist Cramp, Five Thousand Dollars for the purchase of a like amount of United States of America 4 year 4 3/4% Gold Bonds, Victory Liberty Loan, dated May 20, 1919.
"Philadelphia, Pa.　　4/23/1919.
"North Penn Bank
"R. T. Moyer, Cashier.
"This certificate must be surrendered when permanent bonds are ready for delivery.
"Registered."

On the same day the withdrawal of $5,000 was noted in appellant's pass book,—no checks were drawn against saving fund accounts,—and on April 29, 1919, his account on the books of the bank was charged with that amount and a like sum was credited to the "Fifth Victory Loan" account, which was used to keep record of the subscriptions to and purchases of such bonds.

The appellant contended that these entries amounted to nothing more than bookkeeping transactions and that he must be considered a depositor until the bank actually used his money in the purchase of Victory bonds as ordered by him, citing Parker v. Hartley, 91 Pa. 465. It is undoubtedly true that deposits made for a special purpose must be used for that object and cannot be diverted to some other use: Bank of the United States v. Mac-

alester, 9 Pa. 475; but the evidence in this case shows a withdrawal by the depositor just as effectually as if he had actually received the money from the paying teller and paid it in again over another counter for the purchase of bonds. He personally produced his pass book,— differing from the case of Peoples' Savings Bank v. Cupps, 91 Pa. 315,— and had. the withdrawal or payment noted therein, and there is no evidence in the case that any other method of procedure was necessary or customary under the bank's rules, and he got in return a receipt showing the payment by-him to the bank of the amount so withdrawn to be used by the bank not as a deposit but for the purchase of bonds. A depositor in a bank has control over the fund in his account until paid or transferred in accordance with his orders, and may revoke his instructions or appropriations relative thereto up to the point when the rights of others attach: Bank v. Higbee, 109 Pa. 130; Commercial Nat. Bank v. Henninger, 105 Pa. 496, p. 500. Judged by this standard appellant was not a depositor as respects the $5,000 after its withdrawal was noted in his pass book, for he had no independent control or authority over it thereafter and could have revoked his subscription for the bonds only with the consent of the bank. The bank was no longer accountable to him as a depositor within the description in Parkesburg Bank's App., 6 W. N. C. 394, p. 395, or Prudential Trust Co.'s Assignment, 223 Pa. 409, p. 413. The money thus withdrawn was no longer payable to appellant on demand: Parkesburg Bank's App., supra, nor subject to check or draft or-payment upon notice or demand: Com. v. Tradesmen's Trust Co. (No. 3), 250 Pa. 383; Prudential Trust Co.'s Assignment, 223 Pa. 409. The receipt or certificate given him was not a certificate of deposit, nor had it any of the characteristics of a certified check which was held, in Girard Bank v. Bank of Penn Twp., 39 Pa. 92, to make the holder a depositor to the amount thereof. It evidenced the receipt of money not to be held as a deposit but to be expended for a par-

ticular purpose. Failure so to appropriate and use it, of course, made the bank his debtor and rendered the person guilty of its misappropriation criminally liable, but did not operate to change the status of the purchaser of bonds into the more favored class of depositors.

Furthermore, it appears from evidence submitted in the appellee's supplemental paper-book,—the whole record not being printed in appellant's paper-book to save expense—that a purchase was made by the bank on May 20, 1919, on account of Victory Liberty Loan bonds, to the amount of $36,800, and on various dates after that up to and including July 17, 1919, amounting to $35,-276.07 more. The evidence shows that some of the Liberty Loan bonds purchased by the bank were delivered to various purchasers and some were earmarked as belonging to other purchasers and the rest were used as collateral at banks for the borrowing of money which went into its general funds and were used in the ordinary course of its business. As Victory Liberty Loan bonds largely in excess of the funds received from appellant for their purchase were bought by the bank on May 20th, the date of their issue by the government, we cannot say that the orders of the appellant were not carried out and the bonds subsequently misappropriated.

The situation in which appellant is placed by the misfeasance of the bank's officers is most unfortunate, but sympathy for his plight cannot justify setting aside the priorities fixed by statute (Acts of April 16, 1850, P. L. 477, and May 13, 1876, P. L. 161) and the award of a dividend on his claim until after the depositors are paid in full. He occupies the footing of a common creditor and is postponed in the collection of his claim until the depositors are first satisfied.

The assignments of error are overruled and the decree affirmed at the costs of the appellant.