# Wronski v. Frankford Trust Company, Appellant.

*Banks and banking—Savings banks—Liability of payment to wrong person—Question for jury.*

In an action of assumpsit against a trust company for paying out money to a person fraudulently representing himself to be a depositor, it appeared that the latter could neither read nor write, that he had signed by his mark, and that he had given certain information to establish his identity. The teller, who made the payment, testified that he did not recall paying the money, but was sure that he had asked the person presenting the book questions concerning the data on the identification card, and that they had been correctly answered, as that was his custom with depositors who signed by mark. It did not appear that any note had been made at the time, on the depositor's account, that such questions had been asked, and the data on the identification card was absolutely barren of information as to the depositors physical appearance.

Under such circumstances, the case was for the jury to say whether or not the trust company had questioned the person producing the pass book concerning the data on the identification card, and whether, in the exercise of ordinary care it had done all that it reasonably should have done to establish his identity before making the payment.

Argued October 21, 1924. Appeal, No. 75, Oct. T., 1924, by defendant, from judgment of C. P. No. 4, Phila. Co., March T., 1922, No. 4144, on verdict for plaintiff in the case of Joseph Wronski v. Frankford Trust Company. Before ORLADY, P. J., PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Affirmed.

Assumpsit to recover money illegally paid. Before AUDENRIED, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff in the sum of $340 and judgment thereon. Defendant appealed.

*Error assigned* was refusal of defendant's motion for judgment non obstante veredicto.

*James E. Gallen,* and with him *S. Lloyd Moore* and *Allen M. Stearne,* for appellant.—In order to hold the defendant responsible, the plaintiff must affirmatively show that the defendant made the payment to the wrong person without the exercise of ordinary care: Bluakowski v. Savings Fund Society, 270 Pa. 538; Kelly v. Buffalo Savings Bank, 180 N. Y. 171; Tobin v. Manhattan Savings Institution, 26 N. Y. Supp. 14; Ladd v. Bank, 96 Me. 501; Grimes v. Gimbel Bros., 23 D. R. 879; Kingsley v. Bank, 182 Mass. 252; Peoples Savings Bank v. Cupps, 91 Pa. 315; Ferguson v. Savings Bank, 86 N. Y. S. 825.

*John N. Landberg,* for appellee.—The case was for the jury: Geitelsohn v. Citizen's Saving Bank, 40 N. Y. S. 662; Sailing v. German Savings Bank, 7 N. Y. S. 642; Danko v. Pittsburgh Rys. Co., 230 Pa. 295; Brown v. Phila. & Reading R. R. Co., 2 Woodward 144.

OPINION BY KELLER, J., February 27, 1925:

The appellant, Frankford Trust Company, is not a mutual savings bank. In connection with its regular business it conducts a savings department. The appellee, Joseph Wronski, was a depositor in this department. His pass book, evidencing his deposits, contained certain printed rules and regulations, one of which required the production of the book when deposits were made, and another was similar in substance to the by-laws or rules set forth in Peoples Savings Bank v. Cupps, 91 Pa. 315; Burrill v. Dollar Savings Bank, 92 Pa. 134, and Bulakowski v. Phila. S. F. Society, 270 Pa. 538. This latter regulation was designed to relieve the company from liability for a mispayment to a person other than the depositor, who fraudulently represented himself to be the depositor and was in possession of, and

produced, the pass book at the time of withdrawing the money. Its effect, however, was not to relieve the company of liability, in such circumstances, if in making such payment it neglected to use ordinary care: Bulakowski v. Phila. S. F. Society, supra; 3 R. C. L. 708, section 340; 7 C. J. 870, section 919. The real point in issue in this appeal is whether there was evidence of such want of ordinary care on the part of the company, in making a payment of $300 to some person falsely pretending to be Wronski, but in possession of and producing his pass book, as justified the submission of the case to the jury. All other matters of complaint arising out of the trial are, in effect, waived by the assignments of error, which relate only to the refusal of the court below to enter judgment in favor of the defendant, non obstante veredicto.

It was shown that Wronski could neither read nor write. His signature to the identification card was by mark, witnessed by one J. Bonk. This card contained his name, residence, occupation, country of birth, date of birth, father's name and mother's first or given name.

The teller, who made the payment, testified that he did not recall the incident at all, but was sure that he had asked the person presenting the book questions concerning the data on the identification card and that they had been correctly answered; for that was his custom with depositors who signed by mark. But it did not appear that any note had been made, at the time, on the depositor's account that such questions had been asked, as was the case in Geitelsohn v. Citizens Savings Bank, 40 N. Y. S. 662. And as was very pertinently pointed out by the learned trial judge it may be questioned whether the usual course was followed in this case, because on the date the money in suit was withdrawn the plaintiff no longer resided at the address recorded on the card and did not then pursue the occupation thereon noted. Besides, as was suggested by the court below, it may be doubted whether, as to depositors who sign by mark and

have not, therefore, a signature for comparison, the trust company took such reasonable precautions as it should have done in the securing of the data for use on its identification card, in that it was absolutely barren of information as to the depositor's physical appearance. "The court could not declare as matter of law that defendant's duty of care to identify the person seeking to withdraw money on the plaintiff's account was fully performed by recourse to so meagre a record of identifying information as that shown to have been its sole reliance for that purpose." Nor could it say, in the circumstances here present, that the teller, in the exercise of ordinary care, should not have called in the witness to Wronski's mark on the card or required some other voucher if such witness could not be found.

Certainly, if the unknown person who presented the pass book was not questioned concerning the data on the identification card, the company did not act with ordinary care in the matter; and under the evidence in the case it was for the jury to determine whether such questions had been asked and satisfactorily answered. That being the case binding instructions for the company could not properly have been given.

The judgment is affirmed.