First State Bank of New Castle, Pennsylvania. Appeal of Anna Nocera.

Argued October 23, 1928.

Before Henderson, Trexler, Keller, Linn, Gawthrop and Cunningham, JJ.

*William McElwee, Jr.,* for appellant.—The claimant was a depositor: Salem Twp. Road, 103 Pa. 250; Gibson v. Erie, 196 Pa. 7; Fogg v. Tyler, 82 Atl. 1008; South Philadelphia State Bank v. Nat. Surety Co., 288 Pa. 300; Whitney v. Boardman, 118 Mass. 242; Kieffer v. Ehler, 18 Pa. 388; Chicago I. & L. Ry. Co. v. Wicker, 71 N. E. 218.

*Robert L. Wallace,* for appellee.—The relation was that of bailor and bailee: Com. ex rel. v. American Trust Co., 241 Pa. 155; Fisher v. North Penn Bank, Cramp's Appeal, 77 Pa. Superior Ct. 558.

OPINION BY TREXLER, J., January 25, 1929:

The First State Bank of New Castle, Pennsylvania, organized under the provisions of the Act of Assembly, May 13, 1876, P. L. 161, became insolvent and was taken over by the Secretary of Banking on September 16, 1925.

About the 22nd day of October, 1921, Anna Nocera left with the bank, certain Italian coupon bonds of the par value of 23,000 lire and received a receipt from the bank for the same. The bonds were placed in an envelope marked with the name of the owner and put with other papers in the place where similar papers were kept for safe-keeping and a record was made in the safe deposit ledger kept by the bank for recording the receipt of such papers. The bonds were in the bank a short time before it was closed,

but they never came into the hands of the secretary of banking, for the envelope containing said bonds was not in the bank at the time he took possession. At the time the bank was closed the bonds were worth $1,015.25, the plaintiff, having since recovered judgment against the bank for that amount.

The matter comes before us on objections filed against the account presented by the secretary of banking. The assets of the bank are insufficient to pay in full the depositors. The plaintiff claims that she must be regarded as a depositor and so entitled to participate with the other depositors in the distribution. Section 28 of the Act of May 13, 1876, P. L. 170, provides that the distribution of the assets of an insolvent banking company shall be applied as follows: "I. To pay all the deposits of the corporation. II. To the payment and discharge of all the remaining liabilities of such corporation. III. The residue, if any shall be distributed to the shareholders of the corporation in proportion to the stock by them respectively held." The plaintiff urges that the use of the word "all" broadens the word "deposits" so as not only to cover cases where money is left with the bank to be generally mingled with the bank's funds, but also where money or securities are left and the intention of the parties is that they are to be safely kept and upon demand returned in kind.

The plaintiff's counsel has cited a number of cases from other states and from our own state showing the meaning of the word "all," but these, we think, do not help us in the solution of the problem before us. The question comes down to whether the plaintiff was a depositor. In the broad sense of the word she was. If she had deposited a diamond ring with the bank or any chattel, she would have been, in what might be called the etymological sense of the word, a depositor, for she had placed it there, but it has been held in a number

of cases, which we think clearly rule the present, that the word "depositor" used in connection with a banking institution, means, as ordinarily understood, one who hands money to the bank which is mingled with the money of other depositors and who thereby becomes a creditor of the bank to the extent of the amount deposited and can withdraw it by check or draft at his will.

In Com. v. Trademen's Trust Co., 250 Pa. 383, it was held that as to money deposited in trust for a certain purpose and not subject to check, but mingled with the general funds, the owner after insolvency of the company could claim only as a general creditor and not as a depositor. The reason given is that the money "lacked one of the necessary incidents of the deposit, which is, that the money is to be subject to the order of the depositor, at his pleasure, by check or draft." Citing Parkesburg Bank's Appeal, 6 W. N. C., 394. In Fisher v. North Penn Bank, 77 Pa. Superior Ct. 558, the purchaser of Liberty bonds on the installment plan who had made payment to the bank on account of such bonds and which payments had been mingled with the general fund, were not entitled to the preference of depositors on distribution and were postponed by law until the depositors were satisfied. These cases, as well as Com. v. American Trust Co., 241 Pa. 155, clearly indicate that the word "depositor" as applying to banks or trust companies must be given its popular meaning. This plaintiff could have recovered these bonds if they had been found in the possession of the bank when the secretary of banking took over its affairs. The fact that suit was brought and judgment recovered for the value of the bond does not fix the status of the appellant, for her recovery was based upon a violation of the contract of the bank that it would safely keep the property. While it may well be argued that such a claimant

should have equal, if not greater rights, than ordinary depositors, the answer is that the legislature did not see fit to grant them such. The title to these bonds never left the plaintiff and therefore the transaction had none of the incidents of a bank deposit and the relationship existing was that of bailor and bailee. The cases above cited rule the question and further discussion is unnecessary.

The judgment is affirmed.