## Holt v. Gordon

*L. V. Ledebur,* for exceptant; *John G. Marshall,* for accountant.

READER, P. J., September 6, 1933.—The above-entitled proceeding is before us upon an exception to the account filed by William D. Gordon, Secretary of Banking, in connection with his administration of the affairs of Federal Title & Trust Company of Beaver Falls, Penna. The exception is to the effect that the accountant has failed to treat the claim of the exceptant, Frank R. Holt, Treas-

urer of Beaver County, as a preferred claim to the extent of the full amount thereof, and to allow the same to be paid in full before the payment of any other claims against the funds being administered. Counsel for the claimant, Frank R. Holt, Treasurer of Beaver County, and counsel for Federal Title & Trust Company and for William D. Gordon, Secretary of Banking, in possession of the assets of said trust company, have agreed upon a statement of facts, presenting all the facts necessary to be considered in passing upon the exception in question. The facts thus agreed upon and stated are as follows:

"During the year 1932, Frank R. Holt was Treasurer of Beaver County, and in the performance of his duties as such designated, among others, Federal Title & Trust Company of Beaver Falls as a receiver of taxes.

"When the business and property of said trust company was taken over on July 19, 1932, by William D. Gordon, Secretary of Banking of the Commonwealth of Pennsylvania, there had been paid to said trust company by various taxables in the City of Beaver Falls and vicinity, and remained in the hands of said trust company on said date, the sum of $2,303.73.

"In pursuance of an arrangement between the said Frank R. Holt, treasurer as aforesaid, and the officials of said trust company, as payments were made by taxables to said trust company from time to time, the amounts received were deposited in a checking account in the name of the said Frank R. Holt, treasurer, in the commercial department in said bank and mingled with other money in said department; and a daily report was furnished by said trust company to said treasurer, containing the names of the taxables and the amount of tax paid by each. This checking account, in the name of the said Frank R. Holt, was subject to any checks he issued against said account from time to time.

"During the early part of the year 1932 and prior to July 19, 1932, the date the said bank was closed, the said Frank R. Holt did, from time to time, issue checks against said account.

On June 26, 1933, the said William D. Gordon did file his first and partial account in the liquidation of said bank, in which the account of the said Frank R. Holt, treasurer as aforesaid, was given the status of a depositor.

"On July 13, 1933, the said Frank R. Holt, treasurer as aforesaid, by L. V. Ledebur, his attorney, filed exceptions to said account for the reason that the accountant failed to set forth as a preferred claim and to allow payment in full of the aforesaid sum of $2,303.73. . . .

"It is further agreed by the parties hereto that the only checks issued against said account by the said Frank R. Holt were those drawn to his own order, transferring the funds to a regular depository of the county treasurer. Federal Title & Trust Company was not nor has it ever been designated by the county treasurer as a general depository of county funds."

The case was argued before the court by counsel, and briefs have since been filed.

The claim of the exceptant is not based upon the fact that the funds claimed are in a sense public funds, nor upon the contention that Federal Title & Trust Company was a trustee as to the funds in question, but upon the contention that the relation between Holt and the trust company was that of principal and agent. It is urged that the fund in question is in fact the property of Holt, and was in the hands of the trust company, before it was taken over by the Department of Banking of the State for liquidation, simply as an agent of Holt, and that as such it should be paid to Holt, and should not be distributed to the creditors of the trust company generally as part of its assets or funds.

On the other hand, it is contended by counsel for the Secretary of Banking · that, under the arrangement between Holt and the trust company, the funds in

question were deposited with said trust company, that the relation of Holt to the trust company was that of a depositor, and that the distribution of the fund in question, as well as the other funds of said trust company, is governed by the provisions of the Act of May 8, 1907, P. L. 192, as amended by the Act of May 23, 1913, P. L. 354.

Counsel for the claimant relies in support of his contention upon the following cases: The Farmers' & Mechanics' National Bank v. King, 57 Pa. 202; Webb v. Newhall, Assignee, 274 Pa. 135; Conneautville Bank's Assigned Estate, 280 Pa. 545. In the case first cited, it was held that money of a principal collected by his agent and deposited by the latter in a banking institution could not be attached in the hands of the bank as the property of the agent, with the effect of defeating the title of the principal. It was held that the fund on deposit was, in fact, the property of the principal and could be claimed by him as against the creditors of the agent in whose name it was deposited.

In the case of Webb v. Newhall, Assignee, supra, it appeared that certain stockbrokers sold stock of the plaintiff at his direction and deposited the proceeds in the general bank account of the brokers in a banking institution in Philadelphia. The brokers sent plaintiff a statement of the transaction and their check on the bank for the amount. The check was not paid, owing to the fact that at the time it was presented for payment the brokers had made a general assignment to the defendant Newhall for the benefit of creditors. It was held that the brokers received the money as agents for the plaintiff without any authority to use it as their own, and that the plaintiff did not lose his title thereto by its deposit in the bank account of the brokers. It was held that the fund could be followed and recovered by the plaintiff so long as it was possible to trace it. In the opinion in this case the court said, referring to the brokers: "Had they used it for their own purposes and placed other funds in the account, an entirely different case would be presented; as there would had the agent been a banking institution and mingled the funds with those of others in the general course of business".

The third case cited, Conneautville Bank's Assigned Estate, was called to our attention simply to explain the statement last quoted from the Webb case. The facts in the case of Conneautville Bank's Assigned Estate are entirely different from the facts before us, and it throws no light upon the question involved in the instant case.

The answer of the accountant to the position thus taken by the claimant and to the authorities cited by him is that when Holt permitted the funds collected by the trust company to remain on deposit with it in an account carried in the name of Frank R. Holt, treasurer, and subject to his checks, the claimant became a depositor in said bank, and his rights in the distribution must be determined upon that basis.

The trust company was undoubtedly an agent for Holt in receiving taxes under the arrangement that they might be paid to said bank rather than to the treasurer at his office in Beaver. It seems to us, however, under the facts stated, that the arrangement between the treasurer and the bank eventually resulted in the former becoming a depositor with the latter. The funds were permitted to remain in the account opened in the name of the treasurer, as above stated. They were subject to his check at any time, and the funds were mingled by the bank with all the other funds received by it on deposit from its various customers.

While it is true that the trust company was not made a general depositary of the Treasurer of Beaver County for the deposit of county funds, and that the checks drawn on it by the treasurer were simply for the purpose of transferring

such funds to his accounts in other depositary banks, nevertheless, to the extent disclosed by the facts, the relation of the treasurer to the trust company was that of a depositor. This we think is clearly established under the many decisions called to our attention, which we think do not require discussion. Among the cases cited and considered by us are the following: Lebanon Trust & Safe Deposit Bank's Assigned Estate, 166 Pa. 622; Miller's Appeal, 218 Pa. 50; Commonwealth v. Tradesmen's Trust Co. (No. 1), 250 Pa. 372; Commonwealth ex rel. v. Tradesmen's Trust Co. (No. 2), 250 Pa. 378; First State Bank of New Castle, Pa., 95 Pa. Superior Ct. 199; Metropolitan Life Insurance Company's Appeal, 310 Pa. 17.

In the case last cited, the term "depositor" is defined generally in the following language (p. 22) : "The term 'depositor' must be understood in its popular sense, as one who has entrusted money to a bank for convenient safekeeping, subject to his control". This case discusses at considerable length the requisites of the position of a depositor, and cites numerous cases illustrating the rule stated. We are satisfied, therefore, that the claimant in the instant case occupies the position of a depositor, and that his rights in the distribution of the assets of the trust company are determined by the Acts of 1907 and 1913, supra.

The Act of 1913, amending the Act of 1907, provides for the order of preference in the distribution of the funds and assets of a trust company in the course of liquidation, in the following manner:

"Section 1. Be it enacted, &c., That in case of any distribution of the money, funds, property, or other assets, whatsoever, of any trust company, in the course of its liquidation by legal process or otherwise, distribution shall be made and preferred in the following order, namely:—

"First. To the payment of all depositors in the trust company, whether the deposits be subject to immediate check or only payable after specified notice, or at the expiration of a fixed period, whether or not such notice has been given or such period expired at the time of such distribution. Bona-fide holders for value of certified checks on such trust company, or of certificates of deposit issued by such trust company, or of checks or drafts of such trust company given in exchange for or in payment of checks or drafts of depositors of such company drawn thereon, not exceeding the balance to the credit of such depositor, shall also be treated and considered as depositors within the meaning of this act.

"Second. To the payment and discharge of all the remaining liabilities of such trust company or corporation.

"Third. The residue, if any, shall be distributed to the shareholders of the trust company or corporation according to their respective legal rights.

"Provided, however, That all trust money and property shall be kept separate, as provided by said act as supplemented, as aforesaid, and distributed to the beneficiaries accordingly."

It seems to us that the effect of this statute is not merely to define the order of preference in such a distribution, but to modify the rule relied upon by claimant and stated in the cases first considered in this opinion. It seems to us that under it, where the claim against a bank is made by one for whom it was acting as agent and whose funds are in its possession mingled with its other funds, the preference recognized in the earlier decisions no longer exists. The order of preference fixed by the act supersedes, so far as relates to the distribution of the assets of trust companies in the course of liquidation, the order of preference recognized by the earlier decisions in the case of the claim of a principal for funds in the hands of his agent. The earlier rule may continue

128

as the general rule governing distribution in such cases, except, however, as to trust companies which are removed from its operation by the legislation in question. Preference is given first to the depositors of the trust company in the distribution of its assets in the course of liquidation. This is the first and highest class of preferred claims. If the claimant were to establish that he belonged to another class, it must of necessity be a lower class under the provisions of the statute. In being treated as a depositor he is being afforded the highest preference which can be given him under the provisions of the statute quoted.

For the reasons stated we are of the opinion that the exception of Frank R. Holt, Treasurer of Beaver County, to the account in the above-entitled case must be overruled and dismissed.