## Sheeran v. First National Bank of Wilkes-Barre

*Charles L. Casper* and *William J. Fahey*, for plaintiff.

*James P. Harris*, for defendant.

PINOLA, J., March 10, 1951.—We have before us preliminary objections in the nature of a demurrer to defendant's answer and new matter.

Plaintiff brought an action to recover $6,196, the balance in savings account no. 47661, in defendant bank, on July 1, 1950.

In its answer defendant avers that plaintiff has failed to comply with two of its rules, which read as follows:

"4. The pass book must be presented to the bank whenever a deposit or withdrawal is made.

"5. Should a pass book be lost, the depositor shall furnish a satisfactory indemnity bond if requested."

By way of new matter, it also avers that on December 8, 1949, plaintiff's husband notified defendant that the money in this savings account was held by plaintiff and himself as tenants by the entirety and that the

bank should not permit any withdrawal from that account.

Plaintiff has filed two preliminary objections. The first is that defendant has no right to insist upon the production of the pass book or a satisfactory indemnity bond.

While it is true that as between defendant bank and plaintiff depositor there is no dispute as to plaintiff's title, the bank has a right to insist upon the observance of its rules.

As the court pointed out in Bulakowski v. Philadelphia Saving Fund Society, 270 Pa. 538, 541:

"These rules are printed in the deposit- or passbooks, by accepting the book the depositor assents to the regulations and they become a part of the contract of deposit for the protection of the bank and the depositor, binding on both alike: Burrill v. Dollar Savings Bank, 92 Pa. 134; 3 R. C. L. 707, Sec. 339; 7 C. J. 869, Sec. 918."

Our own court has ruled likewise. In Klose v. Miners Bank of Wilkes-Barre, 22 Luz. 260, 262, Judge McLean held:

"Obviously the bank was not required to pay plaintiff unless the bank book accompanied the demand for payment. Nor can the depositor maintain his action until such a demand has been made.

" 'The engagement of a bank with its depositor is not to pay absolutely and immediately, but when payment shall be required at the banking house. It becomes a mere custodian and is not in default or liable to respond in damages until demand has been made and payment refused. Such are the terms of the contract implied in the transaction of receiving money on deposit, terms necessary alike to the depositor and the banker. . . . Hence it follows that no right of action exists . . . until the demand stipulated in the contract

has been duly made. . . . Girard Bank v. Bank of Penn Twp., 39 Pa. 92.' "

In Keller v. Davis, 123 Pa. Superior Ct. 240, a rule of the bank that in case of withdrawal "This deposit book must be presented," was enforced against the bank. Keller, P. J., held (p. 246):

"She (plaintiff) had a right to rely on the rules and insist on the bank's observance of them: Peoples Savings Bk. v. Cupps, 91 Pa. 315; Wronski v. Frankford Trust Co., 84 Pa. Superior Ct. 511, 513; Walsh's App., 122 Pa. 177, 188, 189. The bank would have no legal right or authority, certainly without her permission and allowance, to pay on demand, out of her savings account, a check drawn on her regular checking account."

In our opinion, the bank may insist on presentation of the savings pass book.

While it is true that the court declared in First National Bank v. Mason, 95 Pa. 113, that it is against public policy to permit a bank to allege that the money deposited belonged to someone else, that principle has no application here. Unlike plaintiff in that case, this bank is not claiming the money as its own. On the other hand, in that case, as the same Justice Paxson pointed out in Hemphill v. Yerkes, 132 Pa. 545, 552:

"It was held . . . that money deposited in a bank to the credit of A. may be shown to be the property of B. It may be reached by attachment on the part of the judgment creditors of B., or its payment by the bank to A. may be stopped by a proper notice on the part of B. that the money belongs to him. The credits on the books of the bank are but prima facie evidence of ownership. It is equally well settled, however, that, in the absence of any claim by the real owner, the bank cannot dispute the right of its depositor, and is bound to honor his check."

In this case there is an adverse claim on the part of plaintiff's husband. And, as we pointed out, there is no claim on the part of the bank for itself.

Therefore, we overrule plaintiff's first objection.

The second objection is that the averments in new matter concerning the claim of plaintiff's husband do not constitute a defense because defendant can protect itself by interpleader under Pa. R. C. P. 2301-2325.

Pa. R. C. P. 2302 provides:

"At any time during the pendency of an action, the court, of its own motion or upon petition of a defendant, may interplead the plaintiff and one or more claimants not parties of record. More than one claimant may be interpleaded."

Under this rule it is optional with defendant whether it avails itself of this procedure. It is not required to interplead the adverse claimant. It may elect to give claimant notice to appear and defend or may simply defend the action brought against it by presenting proof that claimant and not plaintiff is entitled to recover from it. It will, however, lose the procedural advantages of an interpleader if it relies upon these latter procedures.

Defendant has nothing to gain by asking for an interpleader because the pass book is missing and its absence is the only reason why it refuses to pay.

That being the case, it would be an abuse of discretion for the court to order an interpleader without the production of the savings pass book.

Defendant has elected to stand upon its contractual rights and this it has a right to do.

So, we must overrule objection 2.

Our conclusions require the following

### Order

Now, March 10, 1951, the preliminary objections are overruled, and plaintiff is required to answer over within 20 days from the date hereof.